IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

|  |  |
|---|---|
| TANYA STRONG-DAVIS, ) | |
| Plaintiff, ) | No. |
| ) | |
| v. ) | Hon. |
| ) | |
| UNITED ROAD TOWING, INC., ) | |
| URT UNITED ROAD TOWING, INC., ) | |
| E&R TOWING, INC. and ) | |
| URT E&R TOWING, INC ) | |
| ) | JURY DEMANDED |
| . ) | |

## COMPLAINT

NOW COMES the Plaintiff, TONYA STRONG-DAVIS, ("plaintiff" or "Davis"), by her attorneys in this matter, The Law Office of Justin G. Randolph, and complaining of the Defendants, UNITED ROAD TOWING, INC., URT UNITED ROAD TOWING, INC., E&R TOWING, INC., and URT E&R TOWING, INC. ("Defendants"), states as follows:

### NATURE OF ACTION, JURISDICTION AND VENUE

1. The present action alleges claims based on violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq.*; and the Age Discrimination in Employment Act ("ADEA"), as amended, pursuant to 29 U.S.C. § 621 *et seq.*

2. This court has jurisdiction over the claims for relief alleged herein pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 2000e-14.

3. Venue is proper in this Court because a substantial part of the events giving rise to the claim occurred in this District. 42 U.S.C. §2000e-5(f)(3).

**PARTIES**

4. Tonya Strong-Davis, is a 46-year old African-American female, who was at all relevant times, employed by Defendants United Road Towing, Inc. and/or E&R Towing, Inc. and/or their successors in interest URT United Road Towing, Inc. and or URT E&R Towing, Inc.

5. Defendants are Illinois corporations operating towing services in and around Chicago, Illinois.

**PRIOR ADMINISTRATIVE PROCEEDINGS**

6. Plaintiff exhausted her administrative remedies through the timely filing of a charge of discrimination with the Equal Employment Opportunity Commission.

7. Plaintiff received a Right to Sue from the EEOC on or about January 8, 2018.

**FACTS COMMON TO ALL COUNTS**

8. Plaintiff was hired by Defendants on or about February 5, 2002.

9. Defendants terminated Plaintiff's employment on January 3, 2017.

10. At all relevant times, Defendants were "employers" within the meaning of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act ("ADEA"), as amended, pursuant to 29 U.S.C. § 621 *et seq*.

11. At all times Plaintiff performed her duties satisfactorily.

12. Plaintiff's most recent position with Defendants was as a clerk.

13. Plaintiff's immediate supervisor was Christine Vasquez ("Vasquez"), a non-African-American woman.

14. Plaintiff's second-level supervisor was Frank Meroni ("Meroni"), a white male.

15. From June 2015 to January 2017, Vasquez instructed Plaintiff to use the Law Enforcement Agencies Data System ("LEADS") to perform the duties of her position even though Vasquez knew that Plaintiff was not authorized to use LEADS and even though Vasquez knew that Plaintiff's use of LEADS was a violation of Defendants' work rules. Further, Vasquez trained Plaintiff in the use and

2

application of LEADS to enable Plaintiff to use the system in performing her duties.

16. Meroni was aware that Plaintiff was instructed by Vasquez to use LEADS and was aware that Plaintiff's use of LEADS was a violation of Defendants' work rules.

17. Use of LEADS required the password and login information of an authorized user and Vasquez was an authorized user.

18. Vasquez gave Plaintiff her password and login information for LEADS so that Plaintiff could follow Vasquez's directive to use LEADS so that Plaintiff could perform the duties of her position. On other occasions, Vasquez would log into LEADS herself and then instruct Plaintiff to use the system to perform the duties of her position.

19. Juan Fonseca ("Fonseca"), a non-African-American male under the age of 40, used LEADS on a daily basis up to Spring 2016 with Vasquez's and Meroni's full knowledge and consent, even though Fonseca was not authorized to do so and was in violation of Defendants' work rules.

20. Fonseca used the LEADS password and login information of another supervisor, Jennifer Meyers ("Meyers"), a white female.

21. Both Meroni, Vasquez and Meyers knew that Fonseca used the LEADS password and login information in violation of the Defendants' work rule but did not discipline Fonseca in any way.

22. On January 3, 2017, Meroni and Vasquez informed Plaintiff that her employment with Defendants was terminated.

23. The reason that Meroni and Vasquez gave to Plaintiff for her termination was that she had violated Defendants' work rule prohibiting unauthorized use of LEADS, even though Plaintiff had used LEADS because she had been instructed to use it by Vasquez and Meroni.

**COUNT I**
*(Race Discrimination)*

24. Plaintiff re-alleges and re-asserts the allegations contained in paragraphs 1 through 23 as if fully set forth herein.

3

25. Plaintiff is African-American.

26. Prior to her January 3, 2017 termination, Plaintiff was satisfactorily performing the duties of her position as a clerk.

27. Defendants claim they terminated Plaintiff for improperly using LEADS even though they instructed her to use LEADS.

28. Other non-African-American employees who used the LEADS system in violation of Defendants' work rule were not disciplined or terminated by Defendants.

29. Defendants terminated Plaintiff because of Plaintiff's race, African-American.

30. The conduct of Defendants was contrary to and in violation of the provisions Title VII of the Civil Rights Act, because the employment decision of the Defendants concerning Plaintiff was based, in whole or in part, on Plaintiff's race.

31. The conduct of the Defendant with respect to Plaintiff constituted a willful violation of Title VII of the Civil Rights Act of 1964.

32. As a direct and proximate result of Defendants' unlawful employment practices, namely race discrimination, and disregard for Plaintiff's rights she has lost and will continue to lose substantial income and benefits.

33. That as a further direct and proximate result of Defendants' unlawful employment practices, namely race discrimination, Plaintiff has suffered the indignity of discrimination, the invasion of her right to be free from discrimination and great humiliation which is manifested in emotional distress at her mistreatment.

WHEREFORE, the Plaintiff, Tonya Strong-Davis respectfully requests that this Court enter judgment against the Defendants and that Plaintiff be awarded relief including front pay, back pay, compensatory damages, punitive damages, attorney's fees, costs and such other relief as may be deemed available and just.

## COUNT II

(Sex Discrimination-Termination)

34. Plaintiff re-alleges and re-asserts the allegations contained in paragraphs 1 through 33 as if fully set forth herein.

35. Plaintiff is a woman.

36. Prior to her January 3, 2017 termination, Plaintiff was satisfactorily performing the duties of her position as a clerk.

37. Defendants claim they terminated Plaintiff for improperly using LEADS even though they instructed her to use LEADS.

38. Other male employees who used the LEADS system in violation of Defendants' work rule were not disciplined or terminated by Defendants

39. Defendants terminated Plaintiff because of her sex, female.

40. The conduct of Defendants was contrary to and in violation of the provisions Title VII of the Civil Rights Act, because the employment decision of the Defendants concerning Plaintiff was based, in whole or in part, on Plaintiff's sex.

41. The conduct of the Defendant with respect to Plaintiff constituted a willful violation of Title VII of the Civil Rights Act of 1964.

42. As a direct and proximate result of Defendants' unlawful employment practices, namely sex discrimination, and disregard for Plaintiff's rights she has lost and will continue to lose substantial income and benefits.

43. That as a further direct and proximate result of Defendants' unlawful employment practices, namely sex discrimination, Plaintiff has suffered the indignity of discrimination, the invasion of her right to be free from discrimination and great humiliation which is manifested in emotional distress at her mistreatment.

WHEREFORE, the Plaintiff, Tonya Strong-Davis, respectfully requests that this Court enter

judgment against the Defendants and that Plaintiff be awarded relief including front pay, back pay, compensatory damages, punitive damages, attorney's fees, costs and such other relief as may be deemed available and just.

## COUNT III
(Age Discrimination-Termination)

44. Plaintiff re-alleges and re-asserts the allegations contained in paragraphs 1 through 43 as if fully set forth herein.

45. Plaintiff is 46 years old.

46. Prior to her January 3, 2017 termination, Plaintiff was satisfactorily performing the duties of her position as a clerk.

47. Defendants claim they terminated Plaintiff for improperly using LEADS even though they instructed her to use LEADS.

48. Other employees younger than Plaintiff who used the LEADS system in violation of Defendants' work rule were not disciplined or terminated by Defendants

49. Defendants terminated Plaintiff because of her age.

50. The conduct of Defendants was contrary to and in violation of the provisions of the Age Discrimination in Employment Act ("ADEA"), as amended, pursuant to 29 U.S.C. § 621 *et seq* , because the employment decision of the Defendants concerning Plaintiff was based, in whole or in part, on Plaintiff's age.

51. The conduct of the Defendant with respect to Plaintiff constituted a willful violation of Age Discrimination in Employment Act ("ADEA"), as amended, pursuant to 29 U.S.C. § 621 *et seq.*

52. As a direct and proximate result of Defendants' unlawful employment practices, namely age discrimination, and disregard for Plaintiff's rights she has lost and will continue to lose substantial income and benefits.

53. That as a further direct and proximate result of Defendants' unlawful employment practices,

namely age discrimination, Plaintiff has suffered the indignity of discrimination, the invasion of her right to be free from discrimination and great humiliation which is manifested in emotional distress at her mistreatment.

WHEREFORE, the Plaintiff, Tonya Strong-Davis, respectfully requests that this Court enter judgment against the Defendants and that Plaintiff be awarded relief including front pay, back pay, compensatory damages, punitive damages, attorney's fees, costs and such other relief as may be deemed available and just.

Respectfully submitted,

/s/ Philip Stephens Holloway
Attorney for Plaintiff

Attorney #6273544
Philip Stephens Holloway
Of Counsel
Law Office of Justin G. Randolph
53 West Jackson Blvd., Suite 1234
Chicago, IL 60604
Phone: (312) 663-1560
Fax: (312) 277-7432
Email: philipholloway@aim.com