**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TANYA STRONG-DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **JURY TRIAL DEMANDED** |
| v. ) | |
| ) | Case No. 1:18-cv-2426 |
| UNITED ROAD TOWING, INC., URT ) | |
| UNITED ROAD TOWING, INC., E&R ) | Judge Mary M. Rowland |
| TOWING, INC., and URT E&R TOWING, ) | |
| INC., ) | Magistrate Judge Jeffrey T. Gilbert |
| Defendants. ) | |
| ) | |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants, United Road Towing, Inc., URT United Road Towing, Inc., E&R Towing, Inc, and URT E&R Towing, Inc. ("Defendants" or "URT"), by its undersigned counsel, pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1 submits this Motion for Summary Judgment.

1. Plaintiff, Tanya Strong-Davis filed a three count complaint alleging she was terminated from her employment with Defendant United Road Towing, Inc. due to her race (black) gender (female) and age over forty.

2. Prior to filing her Complaint, Plaintiff received a right to sue letter which informed her that United Road Towing, Inc. had filed for bankruptcy.

3. Despite this notice, Plaintiff chose to file her Complaint in this Court.

4. Defendant should be granted summary judgment against all of the counts in Plaintiff's complaint because she:

    a. Was not performing her job with the reasonable expectations of her employer;

    b. Was not treated less favorably than any similarly situated employees;

      c. Cannot show that the legitimate business reason stated by the Defendant for her discharge is a pretext for discrimination

      d. Cannot show that her age was the but-for cause of the decision to discharge her.

5. Based on her failure to establish a *prima facie* case of discrimination and a failure to show that the reason for her discharge was a lie, Ms. Strong- Davis' Title VII race and gender claims and her age claim cannot survive summary judgment.

6. Moreover, the Court should grant Defendants' motion because with her claim, Plaintiff seeks to relitigate a final order in an improper venue.

7. In April 2017, the Bankruptcy Court in the District of Delaware entered a final order approving the bankruptcy sale of Plaintiff's former employer, United Road Towing, Inc., "free and clear" of all liens.

8. While Ms. Strong-Davis contends that she never received notice of the impending sale to assert a proof of claim, there is no dispute that she and her counsel were given ample notice to file a motion for appeal of the sale, but failed to do so.

9. Instead, Ms. Strong-Davis proceeded to pursue her claims in the wrong forum, violating the doctrine of collateral estoppel. Plaintiff's continued litigation of her claims against Defendant would violate the long-standing doctrine of collateral estoppel and would allow her to proceed against an entity that never employed her. Accordingly, the Court should grant Defendants summary judgment.

10. The record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law on all counts of Plaintiff's Complaint. Accordingly, the Court should grant Defendant's motion for summary judgment.

Dated: December 3, 2019                      Respectfully Submitted,

**UNITED ROAD TOWING, INC., URT UNITED ROAD TOWING, INC., E&R UNITED ROAD TOWING, INC., and URT E&R TOWING, INC.**

By: */s/ Gregory H. Andrews*
One of their Attorneys

Gregory H. Andrews
Gregory.andrews@jacksonlewis.com
Brenna McLean
Brenna.mclean@jacksonlewis.com
Jackson Lewis P.C.
150 North Michigan Ave., Suite 2500
Chicago, Illinois 60601
(312) 787-4949

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on December 3, 2019 he caused a true and correct copy of the foregoing **Defendants' Motion for Summary Judgment** to be filed with the Court by electronic filing protocols, which automatically sends a copy to all counsel of record including Plaintiff's counsel.

/s/ *Gregory H. Andrews*