**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **TANYA STRONG-DAVIS,** | |
| **Plaintiff,** | **Case No. 1:18-cv-02426** |
| **v.** | **Honorable Mary M. Rowland** |
| **UNITED ROAD TOWING, INC. et al.,** | |
| **Defendants.** | |

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR
<u>MOTION FOR SUMMARY JUDGMENT</u>**

**I.      <u>INTRODUCTION</u>**

Plaintiff Tanya Strong-Davis attempts to avoid summary judgment by distorting the facts and the law in an effort to manufacture a genuine issue of material fact where none exists. As set forth in their opening brief, Defendants are entitled to summary judgment on all of Plaintiff's counts because she cannot satisfy her *prima facie* burden on either of her discrimination claims. Defendants are also entitled to summary judgment in this action under the doctrine of collateral estoppel. Faced with these fatal deficiencies, Plaintiff now offers new "evidence," based on self-serving testimony, which she argues creates sufficient issues of genuine material fact to avoid summary judgment. Unfortunately, she cannot overcome her prior deficiencies. Accordingly, the Court should grant summary judgment to Defendants.

**II.    ARGUMENT**

*A. Plaintiff Cannot Demonstrate that Defendants Discriminated Against Her Based on Her Sex, Race, or Age.*

1. Plaintiff Was Not Meeting Defendants' Legitimate Business Expectations

In its original memorandum, Defendants demonstrated that Plaintiff was not meeting Defendants' legitimate business expectations because she repeatedly used the LEADS system without authorization – in violation of federal and state law as well as URT's contract with the City of Chicago and URT's policies – even after Morrone notified her that the Inspector General had investigated her unauthorized use and specifically instructed her to stop using the LEADS system. In her response, Plaintiff concedes that she was aware that it was against company policy to use the LEADS system without authorization; that she was not authorized to use the LEADS system; that Morrone specifically instructed her not to use the LEADS system because she was not authorized to do so; and that she nonetheless continued to use the LEADS system without authorization and in contravention of her supervisor's explicit instructions. (Pl. Resp. at 8-9).

Yet, inexplicably, Plaintiff argues that in this case, two (or more) wrongs make a right. Plaintiff contends that since "four of Defendants' employees habitually and openly flaunted those rules [*sic*] (in front of Morrone) with no repercussions" and were allowed to violate company policy she should have been permitted to do so as well. Yet, even assuming that Defendants' other employees "openly flaunted" their disregard of Defendants' policies regarding LEADS usage – which they did not – this is immaterial as Plaintiff was terminated for continuing to use the LEADS system after being specifically instructed by her supervisor not do so, *not* for her "habitual" use of the LEADS system. Plaintiff does not offer any evidence (because none exists) that Morrone or Vasquez ever instructed other employees, including Fonseca and Garcia, not to use the LEADS system because the Inspector General had begun an investigation into their unauthorized use.

2

Plaintiff admits that she disregarded her supervisor's instructions and violated Defendants' policies on multiple occasions. Therefore, Plaintiff cannot demonstrate that she was meeting Defendants' legitimate expectations and the Court should grant Defendants summary judgment.

### 2. Plaintiff Has Not Demonstrated That Defendants Treated Similarly-Situated Individuals More Favorably

In its opening brief, Defendants demonstrated that Plaintiff could not show that Defendants treated similarly situated individuals more favorably than Plaintiff. In response, Plaintiff claims that Defendants selectively enforced their policies and that "there is ample evidence in the record that other employee who were not African American, not female and/or under 40 years age engaged in behavior of comparable seriousness" to Plaintiff. (Pl. Resp. at 8). Notwithstanding Plaintiff's gross over-exaggeration of the amount of "evidence" supporting this claim – indeed, the only evidence supporting this assertion is Plaintiff's own self-serving testimony – Plaintiff's argument fails because she cannot demonstrate that other employees engaged in comparable misconduct and are therefore not similarly-situated employees.

"An employee is similarly situated to a plaintiff if the two employees deal with the same supervisor, are subject to the same standards, and have engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their employer's treatment of them. *Lauth v. Covenance, Inc.*, 863 F.3d 708, 716 (7th Cir. 2017). Simply put, in order for an individual to be similarly situated to the plaintiff, the plaintiff must show that the individual is "directly comparable to her in all material respects." *Burks v. Wis. Dep't of Transp.*, 464 F.3d 744, 751 (7th Cir. 2006). It is insufficient for Plaintiff to merely offer examples of non-Black, male, or younger employees who received lesser punishments in the abstract; she must also show that the differing disciplinary actions were in response to like offenses. *See Little v. Ill. Dep't of Revenue*, No. 00 C 7836, 2002 U.S. Dist. LEXIS, at *10 (N.D. Ill. May 14, 2002) (granting summary

3

judgment to defendant where plaintiff was unable to produce a similarly situated employee who received more favorable treatment than he for engaging in the same misconduct).

Plaintiff must show that the purported comparators "had engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them." *Gates v. Caterpillar*, 513 F.3d 680, 690 (7th Cir. 2008). Here, Plaintiff's misconduct is easily distinguished from her alleged comparators because Plaintiff was the only URT employee investigated by the Inspector General for using LEADS without authorization and she continued to use the LEADS system after Morrone *specifically instructed her not to do so* under direction from the Inspector General. (Def. SOF ¶¶ 28-31, 38).[1]

Plaintiff claims that she "observed both Fonseca and Garcia using LEADS when Plaintiff *knew* that neither of them were authorized to do so." (Pl. Resp. at 8, n. 2) (emphasis added). However, this alleged fact is immaterial. First, Fonseca and Garcia's alleged conduct is irrelevant because Plaintiff was terminated for *continuing to use* LEADS without authorization after Morrone explicitly warned her that she would be terminated if she continued to use the LEADS system without authorization. (Def. SOF ¶30). Second, Plaintiff fails to provide any support for this fact beyond self-serving testimony. Indeed, Plaintiff fails to specify *how* she knew Fonseca and Garcia were not authorized to use LEADS or *when* she saw Fonseca or Garcia allegedly using the LEADS

---

[1] Plaintiff contends that any statements made by the IG's Office to Morrone are inadmissible hearsay under FRE 801(c). Plaintiff is mistaken. Defendants are not offering the IG's statement to Morrone for the truth of the matter asserted – that she was using LEADS without authorization prior to Morrone's meeting with the IG – but rather to show the effect they had on Morrone as Plaintiff's supervisor and the principal decision maker regarding her employment. Defendants offer these statements to demonstrate *why* Morrone met with Plaintiff in December 2016 and specifically instructed her not to use the LEADS system any longer, and why Defendants subsequently terminated her employment after observing her continued unauthorized use. *See United States v. Hanson*, 994 F.2d 403, 406 (7th Cir. 1993) ("An out of court statement that is offered to show its effect on the hearer's state of mind is not hearsay."); *Corral v. Chi. Faucet Co.*, No. 98 C 5812, 2000 U.S. Dist. LEXIS 5732, at *5 & n.4 (N.D. Ill. Mar. 9, 2000) (holding that a co-worker's statement that the plaintiff made a threat was "admissible on summary judgment not for the truth of the matter asserted, but to show [the decisionmaker's] state of mind and reason for recommending [the plaintiff's] termination.").

system without authorization, and merely contends that she observed it "on multiple occasions" between "2013 and 2017." Plaintiff's vague, self-serving, conclusory, and speculative statements are insufficient to meet Plaintiff's burden at summary judgment. *See Oest v. Ill. Dept. of Corrections*, 240 F.3d 605, 615 (7th Cir. 2001) ("conclusory assertion[s]" that plaintiff was treated differently, without specific evidence, will not satisfy the similarly situated requirement); *see also Haywood v. N. Am. Van Lines*, 121 F.3d 1066, 1071 (7th Cir. 1997) ("Conclusory allegations and self-serving affidavits, if not supported by the record, will not preclude summary judgment").

Finally, Plaintiff argues that "the conflicting allegations with regards to Fonseca and Garcia's authorization to use LEADS raise genuine issues of material fact precluding summary judgment." (Pl. Resp. at 8, n. 2). However, Plaintiff's unsupported contention that she "knew that neither [Fonseca nor Garcia] were authorized" to use LEADS is insufficient to preclude summary judgment alone. *See Montgomery v. Am. Airlines, Inc.*, 626 F.3d 382, 389 (7th Cir. 2010) (uncorroborated, self-serving testimony may be used to dispute a material fact, but only if it is based on personal knowledge or firsthand experience); *see also, Cady v. Sheehan*, 467 F.3d 1057, 1060 (7th Cir. 2006) (a denial based on argument or conjecture does not create a genuinely disputed issue of material fact). Plaintiff does not explain or provide any factual support for how she knew that both Fonseca and Garcia were unauthorized to use LEADS when she allegedly observed them doing so. Plaintiff cannot show that Defendants treated similarly-situated individuals more favorably, and thus cannot satisfy the fourth prong of her *prima facie* case.

B. *Plaintiff's Claims Are Barred By Collateral Estoppel*

As set forth in Defendant's opening brief, even if Plaintiff could prevail on her discrimination claims – which she cannot – Defendants are still entitled to summary judgment as a matter of law because her action violates the doctrine of collateral estoppel. In her response,

5

Plaintiff concedes that she "does not seek to challenge or set aside the Section 363 sale at issue in this case...." (Pl. Resp. at 13). Yet, her ongoing efforts to circumvent the terms of the April 13, 2017 Bankruptcy Court's Order in this matter say otherwise. The April 13, 2017 Section 363 Bankruptcy Court's Order contains language expressly barring, estopping, and permanently enjoining "all persons and entities" from "commencing or continuing any manner any action or other proceeding against the Purchaser, its successors, assets, or properties." (Bankruptcy Order, pp. 19-20). Thus, though Plaintiff contends that she does not seek to challenge the Bankruptcy Court's Order, her continued pursuit of her claims against Defendants violates the express terms of the Bankruptcy Court's Order, and her ongoing efforts to challenge the terms of the April 13, 2017 Bankruptcy Court's Order directly contravene the procedural remedies available to her under Fed. R. Civ. P. 60. Having failed to avail herself of the remedies permitted under Fed. R. Civ. P. 60 in a timely manner, Plaintiff cannot disregard the Bankruptcy Court's Order by continuing to pursue her claim. As such, the Court should grant Defendants' motion for summary judgment because Plaintiff's action against Defendants is not permitted under the terms of the Bankruptcy Court's Order.

### III. CONCLUSION

For all the reasons stated herein, in Defendant's supporting exhibits, and Motion for Summary Judgment and its memorandum in support thereof, Defendant respectfully requests that this Court enter an Order granting summary judgment in its favor on the entirety of Plaintiff's complaint, dismissing Plaintiff's Complaint with prejudice, and awarding such further relief as the Court deems appropriate.

Dated: February 18, 2020                    Respectfully submitted,

                                            **UNITED ROAD TOWING, INC. et al.**

6

                                                  /s/ Gregory H. Andrews

Gregory H. Andrews
Brenna R. McLean
Jackson Lewis P.C.
150 North Michigan Avenue, Suite 2500
Chicago, Illinois 60601
Gregory.Andrews@jacksonlewis.com
Brenna.McLean@jacksonlewis.com

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on February 18, 2020, he caused a true and correct copy of the foregoing **Defendants' Reply in Further Support of Their Motion for Summary Judgment** to be filed with the Court by electronic filing protocols, and that same will therefore be electronically served upon all attorneys of record registered with the Court's ECF/CM system.

/s/ Gregory H. Andrews