IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **TANYA STRONG-DAVIS,** **Plaintiff,** v. **UNITED ROAD TOWING, INC. et al.,** **Defendants**. | Case No. 18-cv-02426 Judge Mary M. Rowland |

## MEMORANDUM OPINION & ORDER

Plaintiff, Tanya Strong-Davis, brings suit against Defendants United Road Towing, Inc., URT United Road Towing, Inc., E&R Towing, Inc. and URT E&R Towing, Inc. (collectively "Defendants") alleging claims of race and sex discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, and age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*. Before the Court is Defendants' motion for summary judgment [90] and motion to strike Plaintiff's Local Rule 56.1 (b)(3)(C) Statement of Additional Facts [104]. For the following reasons, Defendants' motion for summary judgment is granted and Defendants' motion to strike is denied.

## BACKGROUND

This case is an unusual employment case because Strong-Davis never worked for the Defendants. Instead, she was employed by United Road Towing, Inc., d/b/a

E&R Towing ("URT")[1] between 2002 and 2017 (Dkt. 97 at ¶ 5; Dkt. 104 at ¶ 22). URT managed auto pounds under contract with the City of Chicago ("the City") (Dkt. 97 at ¶ 1). Strong-Davis is an African American woman who was over the age of 40 when she was terminated by her employer, URT. (Dkt. 104 at ¶ 21).

Prior to 2012, the City assigned its own employees to work at URT to input information about impounded vehicles into LEADS, a State Police data base, in order to determine the ownership of a vehicle. (Dkt. 97 at ¶¶ 14-15). Beginning in 2012, the City asked URT to operate LEADS with its own employees. (*Id.* at ¶ 15). This required URT employees, including Strong-Davis, to undergo a background check in order to be authorized to access LEADS. (*Id.* at ¶¶ 16-17). Based on the results of her background check, Strong-Davis was denied authorization to use LEADS. (*Id.* at ¶ 17). Nevertheless, Strong-Davis repeatedly used LEADS between 2013 and 2017. (Dkt. 104 at ¶ 9). The parties dispute whether Strong-Davis did so at her supervisor's direction and with his knowledge. (*Id.* at ¶¶ 10; 12).

Strong-Davis was terminated from URT on January 3, 2017, purportedly for her repeated unauthorized use of LEADS despite being instructed otherwise. (*Id.* at 22; Dkt. 97 at ¶ 38). Plaintiff alleges non-Black, male, and/or younger employees who used LEADS in an unauthorized manner and with the supervisor's knowledge were not terminated. (Dkt. 104 at ¶¶ 3-6; 23). On January 13, 2017, Strong-Davis filed a Charge of Discrimination with the Equal Employment Opportunity Commission

---

[1] Although it is not readily apparent from the record, the parties represent that URT is a distinct entity from Defendants. (Dkt. 97 at ¶¶ 39-42).

("EEOC") alleging race, sex, and age discrimination in connection with her termination from URT. (Dkt. 97 at ¶ 43).

On February 6, 2017, URT filed for bankruptcy under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*. (*Id*. at ¶ 39). On April 13, 2017, Defendants entered into a Purchase Agreement to acquire URT's assets. (*Id*. at ¶ 40). On the same day, the United States Bankruptcy Court for the District of Delaware approved the asset purchase by entering Sale Order. (*Id*. at ¶ 41). Pursuant to Bankruptcy Code Section 363(f), the Sale Order allowed Defendants to acquire URT's assets "free and clear of all Liens, Claims, Encumbrances and other interests of any kind or nature whatsoever," other than those explicitly assumed by Defendants, including "claims relating to any employment with [URT]...." (*Id*. at ¶ 41) (Dkt. 91 Exhibit G at 16-17). The Sale Order also included an injunction providing:

> [A]ll persons and entities, including … litigation claimants and other creditors, holding Liens, Claims, Encumbrances, or other interest of any kind or nature whatsoever … are forever barred, estopped, and permanently enjoined from … (a) commencing or continuing in any manner any action or other proceeding against the Purchaser [Defendants] … [or] (e) commencing or continuing any action, in any manner or place, that does not comply or is inconsistent with the provisions of this Sale Order ….

(Dkt. 91 Exhibit G at 19-20). On May 2, 2017, Defendants completed the purchase of URT and notice was sent to all named creditors, directing them to file any objections with the Bankruptcy Court on or before May 24, 2017. (Dkt. 97 at ¶ 42). Strong-Davis was not a named creditor and was not sent notice. (*Id*.) (Dkt. 91 at Exhibit H).

However, on December 21, 2017, the EEOC sent Strong-Davis a letter informing her that URT had filed for bankruptcy and directing her to file a proof of

claim in bankruptcy court to protect her interest against URT. (*Id.* at ¶ 47). The letter enclosed a copy of a blank proof of claim form. (*Id.*) Strong-Davis did not file a proof of claim or motion to appeal the finality of the Bankruptcy Court's Order. (*Id.* at ¶ 48). A few weeks later, on January 3, 2018, the EEOC issued Strong-Davis a notice of right to sue explaining that it was dismissing her Charge of Discrimination because URT had filed for bankruptcy. (*Id.* at ¶ 44). On April 4, 2018, Strong-Davis filed a complaint in this Court against Defendants on claims of race, sex, and age discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* under a theory of successor liability.

## LEGAL STANDARD

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex*, 477 U.S. at 323 (1986).

After a "properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (quotation omitted). Construing the evidence and

facts supported by the record in favor of the non-moving party, the Court gives the non-moving party "the benefit of reasonable inferences from the evidence, but not speculative inferences in [its] favor." *White v. City of Chi.*, 829 F.3d 837, 841 (7th Cir. 2016) (internal citations omitted). "The controlling question is whether a reasonable trier of fact could find in favor of the non-moving party on the evidence submitted in support of and opposition to the motion for summary judgment." *Id.* (citation omitted).

## ANALYSIS

Defendants argue that Strong-Davis' claims: (1) are prohibited by collateral estoppel and (2) amount to an impermissible collateral attack on the finality of the Bankruptcy Court's Sale Order approving the sale of URT's assets to Defendants "free and clear of all Liens, Claims, Encumbrances and other interests…" under Section 363(f) of the Bankruptcy Code. (Dkt. 91 Exhibit G at 16).[2] Strong-Davis argues that the Sale Order did not dispose of her claims because she did not receive notice of the sale of URT pursuant to §363 (b) & (f).

### A. Collateral Estoppel

The Court agrees with Strong-Davis that the evidence fails to establish that Plaintiff had notice of the bankruptcy sale prior to its finalization. As she filed her EEOC Charge prior to the bankruptcy sale, Defendants should have been aware of her claims against URT and listed her as a creditor. Yet, Strong-Davis was not

---

[2] Defendants intermingle their collateral estoppel and finality arguments, but they are conceptually distinct and the Court considers them separately.

listed as a creditor and did not receive notice of the sale until December 21, 2017, nearly seven months after the Bankruptcy Court's deadline to challenge the Sale Order and well after the deadline to appeal the Sale Order under Federal Rule of Bankruptcy Procedure 8002. (Dkt. 91 Exhibit H; Dkt. 97 at ¶ 47). Because Plaintiff did not have notice and, thus, was not a party to the bankruptcy proceedings, her claims are not barred by collateral estoppel. *See Universal Guar. Life Ins. Co. v. Coughlin*, 481 F.3d 458, 462 (7th Cir. 2007) ("For a ruling to have collateral estoppel effect … the party against whom estoppel is invoked must be fully represented in the prior action.") (internal quotations omitted).

**B. Finality of Sale Order**

However, the fact that Strong-Davis did not have notice of the bankruptcy sale does not render that Sale Order void or upset its finality. *Matter of Met-L-Wood Corp.*, 861 F.2d 1012, 1018 (7th Cir. 1988) ("A sale under section 363(b) that fails to comply with the notice or hearing requirements of the statute and the applicable bankruptcy rules is invalid and may be set aside on appeal. But it is not void. … After the time for appeal ha[s] run, the validity of the sale [i]s established, even against nonparties to the sale proceeding."). Strong-Davis did not object to the sale within the deadline imposed by the bankruptcy court or appeal the Sale Order within the allotted fourteen-day time period. Fed. R. Bankr. P. 8002. The Sale Order is thus final and applicable to her claims. Application of this rule to a plaintiff like Strong-Davis who was unable to pursue these remedies by reason of untimely notice seems harsh, but the Seventh Circuit has stressed that "[t]he policy

[of finality] would mean rather little if years after the sale a secured creditor could undo it by showing that through some slip-up he hadn't got notice of it." *Matter of Edwards*, 962 F.2d 641, 645 (7th Cir. 1992). The importance of the policy of finality is only more significant when faced with an unsecured creditor, like Strong-Davis, showing "years after the sale … through some slip-up [s]he hadn't got notice of" the Sale Order. [3]

Moreover, even after Strong-Davis received notice of the sale several months later, she was not without remedy. After the time for appeal has expired, a sale order may still be challenged via Federal Rule of Civil Procedure 60(b). *Id.* at 643; *FutureSource LLC v. Reuters Ltd.*, 312 F.3d 281, 286 (7th Cir. 2002). A Rule 60 motion allows a party to seek relief from a final judgment for reasons such as mistake or inadvertence and must generally be filed within one year of the final judgment. Fed. R. Civ. P. 60(b); (c)(1). On December 21, 2017, the EEOC notified Strong-Davis that URT's bankruptcy could extinguish her claims unless she took certain actions in bankruptcy court. (Dkt. 97 at ¶ 47). The EEOC also proceeded to reject her discrimination claims because of URT's bankruptcy. (*Id.* at ¶ 44). Thus, nearly four months prior to the expiration of the Rule 60 motion deadline, Strong-Davis had notice of the adverse effect of the bankruptcy sale on her discrimination

---

[3] The reason Strong-Davis did not receive notice is not relevant to the Court's inquiry but both URT and her counsel knew about her claim and the bankruptcy. URT knew she filed a claim with the EEOC and failed to list her as a creditor. Further, plaintiff's attorney, who represented a different individual with an employment discrimination claim against URT during the same time frame, admitted to having notice of the sale in November 2017. (Dkt. 97 at ¶ 45). That individual, Antoine Lindsay, was listed as a creditor. (Dkt. 91 Exhibit H at Exhibit A, 12); *Lindsay v. United Rd. Towing, Inc.,* No. 17-CV-5697, 2019 WL 670250 (N.D. Ill. Feb. 19, 2019).

claims. She nonetheless failed to pursue that remedy, opting instead to pursue her claims on the merits in this Court, disregarding the impact of the Sale Order.

The Seventh Circuit has made clear that outside of an appeal, a sale order "can be attacked collaterally *only* within the tight limits that Fed. R. Civ. P. 60(b) imposes on collateral attacks on civil judgments." *FutureSource*, 312 F.3d at 286 (emphasis added); *Matter of Edwards*, 962 F.2d at 643 ("After the time for appeal passed, the sale could be challenged, if at all, only in accordance with the provisions of Rule 60(b) of the Federal Rules of Civil Procedure."); *Matter of Met-L-Wood*, 861 F.2d at 1018 ("[W]e hold that confirmed sales—which are final judicial orders—can be set aside only under Rule 60(b)."). While Strong-Davis argues that she "does not seek to challenge or set aside the Section 363 sale at issue in this case," (Dkt. 98 at 13), her claims, if allowed to proceed, would violate the express terms of the Sale Order allowing Defendants to acquire URT "free and clear of … claims relating to any employment with the Debtors [URT]…." and enjoining such actions against Defendants. (Dkt. 91 Exhibit G at 16-17; 19). The Court thus lacks authority to review Strong-Davis' claims and is bound by the Sale Order's injunction against "commencing or continuing any action, in any manner or place, that does not comply or is inconsistent with the provisions of this Sale Order…." (*Id.* at 19).[4]

This Court reached an identical conclusion in *Lindsay v. United Rd. Towing, Inc.*, regarding the same Sale Order. No. 17-CV-5697, 2019 WL 670250 (N.D. Ill.

---

[4] Federal courts are required to police their jurisdiction and raise issues of subject matter jurisdiction *sua sponte*. *Buchel-Ruegsegger v. Buchel*, 576 F.3d 451, 453 (7th Cir. 2009).

Feb. 19, 2019). There, the plaintiff, also a former employee of URT, brought claims of race discrimination and retaliation against Defendants after URT declared bankruptcy and the Sale Order had issued. *Id*. at *1. Unlike Strong-Davis, the plaintiff in *Lindsay* was listed as an unsecured creditor to the sale but nonetheless argued that he did not receive adequate notice of the sale. *Id.* at *2. Although the court observed that there was "at least an issue of fact regarding whether [p]laintiff received notice of the bankruptcy court's sale order[,]" the Court dismissed plaintiff's claims because he failed to "cite[ ] to any authority indicating that district courts have authority to collaterally review a bankruptcy court sale order where the party challenging the order inadvertently did not receive notice of the sale." *Id*. at *4 (citing to *Matter of Edwards*, 962 F.2d at 645 and noting that "the Seventh circuit has indicated that the contrary is true with respect to sales made under Section 363."). The Court agrees with the *Lindsay* court and finds it has no authority to collaterally review claims that were disposed of by the Sale Order.[5] For this reason, Defendants' motion for summary judgement is granted.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is granted. Defendants' motion to strike is denied.

---

[5] Because the Sale Order is final, denying Strong-Davis any ability to pursue her claim against URT, the Court does not consider Strong-Davis' employment discrimination claims. Thus, Defendants' motion to strike Plaintiff's Statement of Additional Facts is denied as moot.

E N T E R:

Dated: September 30, 2020

_____
MARY M. ROWLAND
United States District Judge